UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-150-JST (RNBx)          Date: April 22, 2013
Title: Rupert Joseph v. Bank of America, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                         N/A  
   Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                    Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. 5)**

     Before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendants Bank of America, N.A. and U.S. Bank, N.A. (Mot., Doc. 5.) Plaintiff opposed; Defendants did not file a Reply. (Opp'n, Doc. 12.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for April 25, 2013, at 2:30 p.m. is VACATED. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.

**I. Background**

     When ruling on a motion to dismiss, the Court accepts as true the factual allegations in the complaint. *Hemi Grp., LLC v. City of New York*, 130 S. Ct. 983, 986-87 (2010). Plaintiff purchased his home located at 4923 River Avenue, Newport Beach, California, ("the Property") with a 30-year adjustable-rate mortgage loan of $1,760,000 from Countrywide Home Loans on September 27, 2005. (Compl. ¶¶ 6, 26, Doc. 1.) That same day, Joseph obtained a second loan from Countrywide in the amount of $220,000. (*Id.* ¶ 26.) The $1,760,000 loan (the "Loan") is secured by deed of trust encumbering the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-150-JST (RNBx)　　　　　　　　　　　　　　Date: April 22, 2013
Title: Rupert Joseph v. Bank of America, N.A., et al.

property and recorded in Orange County, California. (*See* Def.'s Request for Judicial Notice ("RJN") Ex. A, Doc. 6-1.)[1]

　　On May 6, 2008, a Notice of Default was recorded against the property, followed by the recordation of a Notice of Trustee's Sale on August 12, 2008. (*See* RJN Exs. B, C, Doc. 6-1.)

　　On June 8, 2010, a Substitution of Trustee and Assignment of Deed of Trust was recorded wherein ReconTrust was substituted as the new trustee for the loan under the deed of trust, and the interest in the deed of trust was assigned to U.S. Bank. (*See* RJN Ex. D, Doc. 6-1.) That same day, a Notice of Trustee's Sale was again recorded. (RJN Ex. E, Doc. 6-1.) Another Notice of Trustee's Sale was recorded on May 17, 2011. (RJN Ex. F, Doc. 6-1.)

　　On May 31, 2012, Joseph apparently conveyed a 2% interest in the Property via Grant Deed to William Stulz, who filed for Chapter 13 bankruptcy protection that same day. (*See* RJN Exs. G, H, Doc. 6-1.)

　　On November 6, 2012 a Notice of Rescission of Default and Sale was recorded. (RJN Ex. I, Doc. 6-1.)

　　The crux of Joseph's Complaint is that irregularities involving the securitization of his loan and the assignments of the note and deed of trust preclude Defendants from foreclosing his mortgage. Specifically, Joseph alleges that the note and deed of trust he executed were not transferred into the trust before its closing date, and that a purported Assignment of the deed of trust indicating such timely transfer is "dubious" and inauthentic. (*See* Compl. ¶¶ 29-32, 42, 55-56.) On the basis of these allegations, Joseph asserts claims for violation of the Fair Debt Collection Practices Act, actual fraud, violation of California Business & Professions Code section 17200, and quasi-contract.

---

[1] The Court grants Defendants' request to take judicial notice of various recorded documents relating to the Property. *See* Fed. R. Evid. 201. The Court also grants Defendants' request to take judicial notice of the U.S. Bankruptcy Court's docket in *In re Stulz*, 8:12-bk-16796-TA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-150-JST (RNBx) | Date:  April 22, 2013 |
| Title:  Rupert Joseph v. Bank of America, N.A., et al. | |

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-150-JST (RNBx)            Date: April 22, 2013
Title: Rupert Joseph v. Bank of America, N.A., et al.

### III. Discussion

#### First Claim: Violation of Fair Debt Collection Practices Act

Plaintiff's first claim is for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. In short, Joseph alleges that Defendants are improperly attempting to collect a debt from him because they are not the parties entitled to payment under the note. (*See* Compl. ¶¶ 88-89.) *See* 15 U.S.C. § 1692e (prohibiting using false and misleading misrepresentations or deceptive means to collect or attempt to collect a debt). Defendants argue that they are not liable because of the FDCPA's exemption for creditors who are collecting their own debts. (*See* Mot. at 9-10.) Defendants further argue that Joseph's claim fails because there is no notice of default or notice of sale currently recorded against the property.

While the FDCPA does exempt from its ambit a creditor collecting its own debt, *see* 15 U.S.C. § 1692a(6)(F), Joseph's theory is that the debt does not belong to Defendants because his note and deed of trust were never transferred to the securitized trust that purportedly has the Loan instruments as part of the trust *res*. Thus, if Joseph proves his case, Defendants will not be entitled to the exemption upon which they rely.

Defendants do not provide any authority for the proposition that the FDCPA's proscriptions on abusive debt-collection practices applies to collecting of mortgage payments only when a notice of default and/or notice of sale are recorded against the property. Moreover, Joseph is not contending that mortgage servicing *per se* is debt collection within the meaning of the FDCPA; rather, he argues that improperly attempting to collect a debt that is owed to another violates the statute.

Accordingly, the Motion is denied as to this claim.

#### Second Claim: Actual Fraud (California Civil Code § 1572)

Joseph's second claim for actual fraud is based upon allegations that Defendants intentionally misrepresented to him that he would be able to afford payments under his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-150-JST (RNBx)                              Date:  April 22, 2013

Title:  Rupert Joseph v. Bank of America, N.A., et al.

adjustable-rate mortgage, or that he would be able to "refinance out of the mortgage if he could not afford the increased payments."  (Compl. ¶¶ 92-93.)

"The elements of intentional misrepresentation, or actual fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Anderson v. Deloitte & Touche, LLP*, 56 Cal. App. 4th 1468, 1474 (1997) (quotation marks omitted).

Joseph's allegations sounding in fraud are not pleaded with the particularity Rule 9(b) mandates.  Joseph does not allege the *who*—specifically, which of the two Defendants made the false misrepresentation, and the identity of Defendants' employees who made such misrepresentations.  Nor does Joseph sufficiently plead the *what*—*i.e.*, the substance of the alleged misrepresentations.  The meager fraud allegations are insufficient to put Defendants on notice so they may defend the allegations.

Therefore, this claim is dismissed with leave to amend.

### Third Claim: California Business & Professions Code § 17200

Joseph's third claim for violation of California Business & Professions Code section 17200 rests upon numerous, purported illegal practices.  (*See* Compl. ¶¶ 95-100.) Plaintiff's claim is, in part, derivative of the FDCPA claim.  Plaintiff also alleges a practice of executing and recording false and misleading documents.  (Compl. ¶ 100.) Because this claim is derivative of the FDCPA claim, Joseph has stated a claim for violation of Business & Profession Code section 17200.  *See Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644 (2008) ("By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.") (internal citation and quotation marks omitted).

Accordingly, the Motion is denied as to this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-150-JST (RNBx) | Date:  April 22, 2013 |
| Title:  Rupert Joseph v. Bank of America, N.A., et al. | |

### Fourth Claim: Quasi-Contract

By his fourth claim, quasi-contract, Joseph seeks restitution for the mortgage payments he made to Defendants in light of the fact they allegedly knew they were not entitled to collect the payments from him.  (*See* Compl. ¶¶ 110-113.)  "Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another."  *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996).  "A person is enriched if he receives a benefit at another's expense."  *Id.*  However, "[e]ven when a person has received a benefit from another, he is required to make restitution only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it."  *Id.* (internal quotation marks and citation omitted).

Under Plaintiff's theory, he has stated a claim for unjust enrichment.  Joseph alleges that Defendants are not the payees under the note and have misled him in taking the position they are entitled to receive his mortgage payments.  Thus, if Joseph proves that Defendants are not in fact the proper payees under the note, Defendants will have been enriched unjustly, and Plaintiff will be entitled to recover under this quasi-contract theory.

The Motion is denied as to this claim.

### IV.   Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss.  Plaintiff's second claim ("Actual Fraud") is DISMISSED WITHOUT PREJUDICE.  In all other respects, the Motion is denied.

Initials of Preparer:  tg